**ORIGINAL**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KANDI KOUNTRY EXPRESS, LTD.
(d.b.a. Towmaster, Inc.),
a Minnesota corporation,

Civil Action No. 01-cv-2296

      Plaintiff,

v.

JOHNSON & ASSOCIATES, INC.
(d.b.a. Towmaster of America),
a Florida corporation,

      Defendant.

## ORDER ON SETTLEMENT AGREEMENT

Came the parties, by and through counsel, and advised the Court that they had settled and compromised their differences and recited the terms of that compromise to the Court. It is therefore ORDERED as follows:

This Settlement Agreement and Dismissal of All Claims with Prejudice (the "Agreement") is made by and between KANDI KOUNTRY EXPRESS, LTD. (d.b.a. Towmaster, Inc.), 61381 U.S. Highway 12, Litchfield, Minnesota 55355 ("TOWMASTER, INC.") and JOHNSON & ASSOCIATES, INC. (d.b.a. Towmaster of America, Inc.) ("JOHNSON") 1423 S.W. 53rd Lane, Cape Coral, FL 33914 (hereinafter sometimes referred to as a "Party" or the "Parties").

## RECITALS

WHEREAS, TOWMASTER, INC. has commenced suit against JOHNSON in United States District Court, District of Minnesota for trademark infringement, dilution, unfair competition and cyber squatting;

MAR 2 6 2002
FILED_____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_MAR 2 6 2002
DEPUTY CLERK_____

WHEREAS, TOWMASTER, INC. is the owner of U.S. Trademark Registration No. 2,231,515 for "TOWMASTER" in respect of "flatbed utility trailers";

WHEREAS, TOWMASTER, INC. is the owner of the domain name "www.towmastertrailers.com" in connection with its business activities;

WHEREAS, JOHNSON has made use of the "TOWMASTER" mark and the domain name "www.towmastertrailer.com" in connection with the sale of trailers;

WHEREAS, TOWMASTER, INC. has objected to JOHNSON'S use of "TOWMASTER" and the domain name "www.towmastertrailer.com" as an infringement of its rights in and to the "TOWMASTER" mark; and

WHEREAS, the parties wish now to settle their dispute on an amicable basis.

NOW, THEREFORE, in consideration of the mutual promises set forth below, the parties hereby agree as follows:

1.  JOHNSON agrees to transfer to TOWMASTER, INC. the domain name "www.towmastertrailer.com" within twenty (20) calendar days of execution of this Agreement. JOHNSON agrees to execute all documents and papers necessary to effectuate such transfer, including but not limited to the Network Solutions' Registrant Name Change Agreement.

2.  JOHNSON acknowledges that TOWMASTER is a valid trademark belonging to TOWMASTER, INC., the validity of which JOHNSON further agrees not to contest.

3.  JOHNSON agrees to immediately cease all current use of the designation TOWMASTER, including use on the internet, and to desist from any future use of the designation TOWMASTER or any similar designation in connection with the sale of trailers. JOHNSON further agrees that within twenty (20) calendar days from the date of execution of this Agreement it will file the necessary documents with the State of Florida to effectuate a

2

corporate name change, wherein the Florida corporation name of "Towmaster of America, Inc." will be changed to "Nextrail of America, Inc."

4. JOHNSON agrees to immediately dismantle its web site "www.towmastertrailer.com" and to never again use the designation "TOWMASTER" or any similar designation in any form on the internet.

5. TOWMASTER, INC. agrees to dismiss the pending lawsuit for alleged past infringement by JOHNSON of the "TOWMASTER" mark that occurred prior to the date of this Agreement, and both parties shall be responsible for the payment of their own attorney's fees and costs

6. TOWMASTER, INC. and JOHNSON agree that, subject to the provisions herein, this Agreement and Order shall constitute a full and final release of any and all claims and demands whatsoever, in law or in equity, which the parties ever had, now have, or hereafter can or may have against the other, for upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents, including without limitation, all alleged monetary claims arising out of TOWMASTER, INC.'s lawsuit that is being dismissed herein with prejudice.

7. TOWMASTER, INC. and JOHNSON agree that this Agreement is confidential and neither Party shall disclose the terms herein unless compelled to do so by a court order or with the express consent of the other Party.

8. This Agreement inures to the benefit of, and is binding upon, the parents, subsidiaries, affiliates, predecessors, successors, assigns, shareholders, officers and directors of TOWMASTER, INC. and JOHNSON.

9. This Agreement constitutes the full and complete understanding between the Parties hereto, with respect to the subject matter herein. Except as otherwise stated herein, any and all agreements or understandings that existed prior to or contemporaneous with the execution of this Agreement are hereby merged and integrated into this Agreement, the terms and conditions of which shall supercede any such prior or contemporaneous written or oral agreements or understandings. Any additions or modifications to this Agreement must be made in writing, by joint consent of and signed by the Parties.

10. If any provision or portion of this Agreement is found to be illegal, void, or unenforceable, the Parties agree that any remaining terms and conditions hereof shall remain.

11. The Parties participated in jointly drafting this Agreement. For purposes of construction of the meaning of the Agreement, neither Party should be considered as the author. This Agreement will not be construed unfavorable against either TOWMASTER, INC. or JOHNSON based upon authorship.

12. If one Party believes another Party has breached this Agreement, the non-breaching Party shall provide written notice of the breach, at the address listed above, to the breaching Party. The breaching Party shall then have twenty (20) calendar days to cure the breach.

13. This Agreement shall be deemed to be a contract made under the laws of the State of Minnesota. In the event of any dispute that arises between the Parties regarding any term of or compliance with this Agreement, and/or its interpretation or enforcement, the Parties agree that such dispute shall be resolved under the laws of the State of Minnesota. The Parties further

agree that jurisdiction shall lie with the United States District Court, District of Minnesota, which shall have all powers to enforce all rights and determine all matters relating to or arising under this Agreement.

14. Upon execution of this Agreement, the Parties shall within 20 business days execute and file a Stipulated Dismissal of the Complaint with prejudice.

IN WITNESS WHEREOF, the Parties hereto have, through duly authorized representatives, executed this Agreement in duplicate.

KANDI KOUNTRY EXPRESS, LTD. (d.b.a. Towmaster, Inc.)

Dated: 2-14-02

By: _____
Name: Janelle Johnson
Title: Chief Financial Officer

JOHNSON & ASSOCIATES, INC. (d.b.a. Towmaster of America, Inc.)

Dated: 3-4-02

By: _____
Name: Gary L. Johnson
Title: President

## **ORDER**

Based upon the foregoing Agreement, and upon all the files, records and proceedings herein: IT IS HEREBY ORDERED that judgment of dismissal with prejudice and on the merits be entered forthwith with respect to all claims asserted by the Parties.

Dated this 26 day of March, 2002.

BY THE COURT:

_____
Judge of United States District Court
District of Minnesota